Dockett, 19-1221. Council, if you're ready to begin. Good morning, Your Honors, and may it please the Court. I would like to reserve two minutes for rebuttal, if I have the opportunity. Since the U.S. Supreme Court's decision in Setzer in 2012, every circuit court to have addressed the issue has found that it is improper for a sentencing court to order a sentence run consensuously on the basis of the executive to a future not yet imposed federal sentence. Petitioner in this case asked this Court to find that the District Court acted contrary to Section 3584A in imposing such a sentence, and reverse, either because the error was preserved or because the sentence is illegal under 3584A, and therefore satisfies this circuit's plain error standard. Every circuit court to have addressed the issue at the time of Mr. Ramon's sentencing, and since, has determined that the concurrent consecutive designation is for, under Setzer and 3584A, is for that later sentencing court. Hasn't, didn't a circuit, at least one circuit find there was no plain error? Isn't that really what's kind of important here? Even assuming there was error, how was it plain? We have two points. And we are operating under a plain error standard, right? Two responses to that. The first is, we submit that because the sentence is illegal, that the District Court acted in excess of their authority under 3584A, it is an illegal sentence, and therefore the traditional plain error requirements don't apply. If the traditional plain error standard does apply, we maintain that the error still was not plain. I believe the two decisions out of other circuits Your Honor is referring to are... Let's talk about the Eighth Circuit first. Why did they find the error wasn't plain? And why doesn't their rationale apply here as well? Sure. The Watson court out of the Eighth Circuit did, of course, find that the error was not plain. We submit that that is not applicable here for three reasons. The first is because there was no attempt made at preservation in that case. The second is because there was no argument by the parties that the sentence was illegal and therefore satisfied a different plain error standard. And there's no indication at all that that circuit has that same... Could you get a little closer to the microphone? My apologies. That's all right. And there's no indication that the Eighth Circuit, of course, has that sort of illegality standard for plain error. The last reason, the third reason that Watson is inapplicable is we submit that the Watson court was wrong in finding that that error was not plain. The Watson court says that 3584A could be reasonably interpreted as citing the last sentence of 3584A as saying that it doesn't decide which court makes a concurrent consecutive decision. And they specifically cite the last sentence of 3584A in saying that that could be a reasonable interpretation. However, that interpretation is foreclosed by Setzer's interpretation of each sentence of 3584A. Setzer specifically said the first sentence of 3584A speaks to the two common scenarios that a federal sentencing court may find itself. Well, first of all, before you get into that, didn't Setzer say, we're not resolving this question about a future federal sentence? So they were so specific, the Supreme Court, about saying we're not going to resolve this issue. They may have offered some commentary on it, but I'm wondering how does that sentence by itself help you when you're arguing for plain error because the court did not decide it. That's correct. The issue in front of Setzer was a future state sentence, not a future federal sentence. However, the court in Setzer did interpret each sentence of 3584A. And that last sentence of 3584A in which the Watson Court relies, Setzer said that sentence is a default rule. It says what happens if the sentencing court in one of those two common situations does not speak one way or the other to the concurrent consecutive determination. Nowhere in Setzer does it say that that last sentence in which the Watson Court relies creates a third common scenario. It's merely the default rule. And so we submit that Watson is incorrect in thinking that that is a reasonable interpretation of 3584A. And of course, no other circuit we've seen has taken 3584A since Setzer to mean what Watson said it could reasonably mean. But if the Eighth Circuit says it's a reasonable interpretation, my point is you've got to show plain error, and even the circuits aren't agreeing, and the U.S. Supreme Court didn't decide it. So plain error, pretty tough standard. Correct. Plain error is indeed a tough standard. This court in the United States v. Wolfman, which is cited in our... And address the well-settled law aspect of plain error, and I should have mentioned that here because I think by your very discussion here, you've indicated it's not well-settled. The U.S. Supreme Court in Setzer, like you said, did not decide the issue of a future, what a federal court could do for a future federal sentence. What it did decide was, what it did say in interpreting 3584A is that that decision under the two common scenarios is given to the future sentencing judge. What the footnote for in Setzer says is that because that decision is given to the second, the later sentencing judge, it could therefore be argued that the first judge, there's an implied prohibition for the first judge. I have not seen any citation by the government that says footnotes are to be considered any less than the rest of the opinion or considered any less carefully or any less persuasive. And back to your Honor's point. Except that they said they weren't deciding the issue. There's that. Correct. Back to your Honor's point about error being plain, this court in U.S. v. Wolfman, in that case it was a completely separate issue. It was a jury instruction issue, not preserved down below. And 10th Circuit precedent in that case was not explicit as to the holding, but it was implied. And this court found that that was enough, in that case at least, to be plain. And we maintain that under Setzer's interpretation and guidance in how you read 3584A, it's clear that this third scenario is not addressed by 3584A. And while Setzer said that 3584A is not a conferral of authority, rather it's a limitation on the court's traditional sentencing authority. And that was why in Setzer the sentencing court could make the consecutive decision for the future state court because 3584A did not speak to what a federal court could do as to a future state court. However, 3584A does speak to Mr. Ramon's case. And specifically it addresses an issue of a future federal sentence. Was there one here? Your Honor, no. As of yesterday, Mr. Ramon has not been charged. So let me ask you this way, and maybe this is too practical and I understand big issues are at stake here. But if we accepted your argument on prong one, that indeed there was error, that the district court could not consecutively sentence in advance of another federal judge. Is there any harm? The rule is announced, next time around it's plain error, and Mr. Ramon doesn't do any more time. That is a potential outcome, yes. Well, how long has passed and he's not been charged? He was sentenced in June of 2019, and his sentence runs in June 2021. So he could still be charged and sentenced. And at that point, of course, it would matter to Mr. Ramon. Well, it might, because the second judge may say, looks like the first judge is usurping my authority, I'm not very pleased about that, and so all of the time that I order is going to be concurrent. The second judge could indeed do that, and then there would be two conflicting orders. Why would they conflict? One would say it runs consecutive, and one would say the same term runs concurrent. But if it ran consecutive to a concurrent term, he'd have to serve that amount of time, would he not? At least, if I understand Your Honor's question, at least the original amount of time. I think it would be confusing for the Bureau of Prisons to have to sort out at that point, which is a result that was expressly disfavored in the Setzer Court. The Setzer Court determined that 3584A had to be interpreted in light of the common law authority traditionally given to sentencing judges. And that authority has been long understood, Setzer said, to be authority in which a sentencing court can make the concurrent consecutive decision as to sentences they impose, or that have already been imposed in other proceedings. And that's the context in which footnote 4 comes up, in which the Setzer Court notes that the concurrent consecutive determination is not addressed as to the future state sentence. And of course, it is here as to Mr. Ramon's sentence. I'd also like to address, if you don't mind, the Almontez-Reyes decision out of the First Circuit, which decided along the lines as we're asking this court to decide, at least on the error standard. But I also would like to point out that the defendant in Almontez-Reyes had also not preserved that issue. However, the government did not raise plain error on appeal. And so that circuit court decided that while it could apply plain error, it was using its discretion to not. But there's also no, the government also does not point out as to why this court shouldn't apply its typical, sorry, typical deference to Supreme Court dicta, even if it is dicta, and even if it is in a footnote. We maintain that the sentence in this case is illegal because it is in violation of the court's authority under 3584A, as explained before. And under cases like the Wainwright case cited in our briefing, because it is an illegal sentence in excess of the district court's authority under 3584, the traditional plain error requirements need not be applied in excess, because it is in excess of the court's authority. If you have no further questions, I'll reserve the remainder for rebuttal. Judge McKay, anything? I have no questions. Thank you. Good morning, your honors, counsel. Michael Johnson from the United States. May it please the court, as a preliminary matter, we submit that the standard of review in this case is the plain error standard. Mr. Ramone's sentence should be affirmed for two reasons. I'd like to focus on the second prong of the plain error test, which is the requirement that Mr. Ramone has, his burden. Before we get there, can we take it chronologically? She says it's an illegal sentence. And if it's illegal, there's no need to go through the plain error analysis. What about that? I have three responses, your honor. First, the concept of an illegal sentence does not apply here. Number two, the concept of an illegal sentence should not apply here. And third, even if this concept of an illegal sentence applies here, Mr. Ramone's sentence is not illegal. So first, this concept of an illegal sentence does not apply. The paradigmatic illegal sentence is one where the sentence is above the statutory maximum. That is well established in the law. This court has also indicated that an illegal sentence in the restitution context is one where the restitution order is for an amount greater than the total loss caused by the offense. So there's the legal sentence concept in restitution matters. This court's also held that an illegal sentence is also a sentence where the judgment of conviction did not authorize the sentence. The concept of illegal sentences is narrowly prescribed. It hasn't been expanded beyond certain small types, certain small area. So in those instances, then we would bypass plainer review? Yes, that's correct. So it appears from the government, I didn't find a case to suggest this, but it appears from the government that in the legal sentence context, it's the type of sentence which the district court lacked the statutory authority to impose. Mr. Ramone is arguing something entirely different. He appears to be arguing that the statute 3584A didn't procedurally authorize the district court to issue a consecutive sentence to an anticipated federal sentence. No court, to the government's knowledge, has ever reviewed a consecutive sentence to an anticipated federal sentence to determine if that consecutive sentence was an illegal sentence. To the contrary, all the courts of appeals that have addressed this issue have reviewed the sentence for plain error under the plain error standard. In those instances where the defendant failed to preserve the issue below, we cited those cases in our answer brief. Those are the Watson case, the Obey case, and then also the case Quintana Gomez out of the Fifth Circuit. And we also cited the Almonte-Reyes case where the First Circuit also said that had the issue been not preserved below, the First Circuit would also have preserved for plain error under the plain error standard. So we have four circuits. We have the Eighth, the Fourth, the Fifth, and then the First, if it had not been preserved, where the issue would have been addressed under the plain error standard. No court has ever stated that this issue is one which is reviewed to determine if the sentence is an illegal sentence. So first, the concept doesn't apply. Second, the concept of an illegal sentence should not apply here. If it is applied here, it would essentially swallow the plain error standard or review. Mr. Ramon is trying to expand the concept of a plain error sentence beyond the narrow category that I described earlier. If it's expanded in that fashion, a legal sentence review would swallow plain error review. This court has stated in several cases that an illegal sentence is per se a reversible plain error. And I didn't cite these cases in my answer brief, but I'm happy to submit a 28-J letter. This court's decision in the United States versus James held that. This court's decision in the United States versus Gonzalez Huerte held that. And the Wainwright case, which is cited in the briefing, this court also stated that even if the defendant below waived the issue, even if he's waived it and he has no right to appellate review, that an illegal sentence may nevertheless be reviewed by this court. So the idea of a legal sentence is far beyond the type of review and the considerations this court makes in evaluating a sentence under the plain error standard. So an illegal sentence may be reviewed even if there's a complete waiver. We submit that the illegal sentence concept should not be expanded in the way that Mr. Ramon suggests because it would swallow the plain error standard of review. And third, briefly, even if this court were to review this under the legal sentence standard, there has been no illegality here. We noted in our answer brief that the Setzer decision indicated that there's no explicit language in Section 3584A that prohibits a consecutive sentence to an anticipated federal sentence. Footnote 4 does not carry the day for Mr. Ramon because in that sentence, or rather, yes, in that footnote, the Supreme Court left the question open as the Eighth Circuit and Watson recognized. If the judge here had said concurrent rather than consecutive, would anything be different at all for Mr. Ramon today? No, Your Honor, because he has not been sentenced for the subsequent crime, Your Honor, as you pointed out during counsel's statements. There has not been any sentence issued for the underlying offense. So if there was any harm here, it was... I'm sorry, there was no harm here. Any error by the district court was harmless. Because he would be serving the time today regardless. Yes, that's right. If the Court has no other questions on this issue as to whether his sentence was illegal or not, I'd like to move quickly to the plain error standard. So there was no error here that was plain. And I have three points to make. As the Court knows that for an error to be plain, it has to be contrary to well-settled law, and either this Court or the Supreme Court must have addressed the issue. The Supreme Court did not address the issue in the Setzer decision. Watson recognized that footnote 4 in Setzer was merely the Supreme Court's demonstration that it understood that Setzer was not dictating a clear answer to the question as to whether a sentence consecutive to an anticipated federal sentence was not permitted under Section 3584A. This Court's decision in Williams supports our argument that the error here, if any, was not plain. Although Williams held that the District Court had the authority to make a sentence consecutive to an anticipated state sentence, there's nothing in this Court's Williams decision to suggest that that reasoning would not apply just as well to an anticipated federal sentence. My second point is that even if you go outside of Supreme Court law and this Court's law in Williams, no other circuit has held under the plain error standard to review that a consecutive federal, a consecutive sentence to an anticipated federal sentence is plainly erroneous. To the contrary, all the circuits to have addressed this have found no plain error where the issue was not preserved below. And we cited those cases, the Williams, rather the Watson case, the Obey case, and the Quintana Gomez case. And then finally, my third argument is that the circuits that have found that there was error here, and those are the Montes Reyes from the first, Obey from the fourth, and Montes Reyes from the ninth, those cases, the circuits didn't find it that there was an obvious and plain violation of Section 3584A. Instead, they indicated that the statute suggested that at most there was an implied prohibition to a consecutive federal sentence. So we've satisfied the second prong of the plain error standard. We've shown that if there was error here, it was not plain. And I'll talk briefly about the first prong of the plain error test. We have no cases on point on this issue. We note that there is the Mavrudis case from the fourth circuit that we cited in our brief, but that was a case where the court reviewed the issue for an abuse of discretion. That was an unpublished decision, and the Obey decision from the fourth that came out the year later is not helpful to the United States as to that first prong of the plain error test. So there is no decision, published decision, but Setzer itself states that the language in 3584A doesn't cover the situation. There's no explicit language, and this is Setzer at pages 234 to 235. And we also pointed out in our opening brief that the U.S. Sentencing Commission also has indicated that, has not indicated that it is improper for a district court judge who's the first sentencing judge to issue a sentence consecutive to an anticipated federal sentence. But isn't one reason for that? Nobody contemplated that a judge would do this? Perhaps. Maybe the commission didn't take that into its consideration. There are indications in the guidelines, however, that this is something that would not be viewed as improper. And as we pointed out in our answer brief, the Supreme Court specifically in the Setzer case noted that later is not always better, that there are three reasons why later is not necessarily always better. The Supreme Court stated that that concept is overwhelmed by the text of the statute, by the tradition of judicial sensing, and also by the last sentence in Section 3584A, which also indicates that it's not necessarily proper to have the Department of Justice make this determination regarding whether the sentence should be consecutive or concurrent. And then Setzer at page 242, footnote 6, also says that in some circumstances the first sentencing court may have adequate information to issue a sentence consecutive to an anticipated future sentence, that it's not always true that later is better because the first sentencing court may have that information available and so maybe have the opportunity to make an informed decision. I don't have any other points to raise to the court, and I'm happy to answer any questions. Judge McKay? No, I have none. All right, thank you for your time. I'm happy to give opposing counsel the remainder of my time. Thank you. Thank you. I'd like to resume by addressing a point made by Your Honor about whether a sentencing judge could order a future not-yet-imposed sentence run concurrent. And so the rule, if there is no error as proposed by the government, this cuts both ways. At that point, a sentencing judge could order a sentence run concurrent to a future not-yet-imposed federal sentence, and then the second judge would be in a position, even if things had become much worse, to decide whether to ignore their own judgment or find the opposite conclusion of what the first sentencing judge did. I'd also like to address the State's point about the difference between an illegal sentence under this Circuit's precedent and an erroneous sentence under this Circuit's precedent, and I think that's best addressed by comparing two different cases. In the Wainwright case, it was restitution. Under the restitution statute, the court ordered that the defendant pay restitution for charges that didn't result in convictions, and this court determined that that was in excess of the court's authority under the restitution statute, and therefore that sentence is illegal. That is in contrast to the Brown case, also cited in our briefing, in which the court explained that the error in that case was erroneous, although not illegal. And in that case, it was an error in calculating the guidelines, which still resulted with an in-range sentence. We submit that because the district court in this case acted in excess of his authority under 3584A, it is an illegal sentence more analogous to the Wainwright case. Does it only become an illegal sentence once it has an effect? In saying it's a consecutive sentence doesn't mean that the judge can't order time be served, and that's exactly what's happening right now. I don't know that the effect matters. At the time Mr. Ramone was sentenced, the sentence was in excess of that court's authority. Well, he served a day in prison yesterday. Is that day any different, because it was ordered to be consecutive as opposed to concurrent? The day yesterday, no, I would say for Mr. Ramone that that day would be the same, correct. I have no other points to make unless your honors have any other questions for me. Judge McKay, anything? No, I think the party's position is clear in the briefing and the argument. Thank you. Thank you. Thank you. Thank you both for your arguments. They help. Thank you. And the case is submitted. Counselor, excuse?